IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BEYOND THE DOG, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| MICHELLE CROSBY, | ) | |
| | ) | |
| Subpoenaed Non-Party. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE RULE 45 SUBPOENA, TO COMPEL APPEARANCE FOR DEPOSITION, AND FOR SANCTIONS**

### I.   Introduction

Plaintiff, Beyond the Dog, LLC ("BTD"), moves to enforce a Rule 45 subpoena against non-party Michelle Crosby, a material witness who resides within this District and has twice failed to comply with properly issued subpoenas for deposition testimony in BTD's trade-secrets/breach-of-contract action against former employee Dr. Allyson Salzer, currently pending in the District of Connecticut.

On July 19th, Plaintiff served Ms. Crosby with a Rule 45 subpoena commanding her appearance for deposition on August 1, 2025 (9:00am) at 605 West 47th Street, Kansas City, Missouri. She failed to appear, without having served any objections beforehand. See Exhibit A, Subpoena and Deposition Notice and Exhibit B, Affidavit of Service.

Plaintiff then served a second Rule 45 subpoena commanding appearance on August 21, 2025 at 9:00 am again at 605 West 47th Street, Kansas City, Missouri. See Exhibit C, Subpoena and Amended Notice of Deposition and Exhibit D, Affidavit of Service. At approximately 10:05 p.m. the evening before the deposition, defense counsel emailed "objections" purporting to be on

Ms. Crosby's behalf—less than 12 hours before the noticed start time—providing no reasonable opportunity to meet and confer under Rule 45(d)(2)(B)(i). Ms. Crosby again failed to appear. See Exhibit E, Objections.

Ms. Crosby's testimony is central. As BTD's former Office Manager, she entered BTD's proprietary scoring matrix into a third-party intake platform and has first-hand knowledge of its duplication and unauthorized disclosure to defendant Dr. Allyson Salzer, who then incorporated it into her University of Kansas dissertation and has claimed ownership to promote Canine Behavioral Blueprints, LLC. Ms. Crosby has also involved herself during this litigation, including funding aspects of the Connecticut case and distributing communications concerning the merits. Her testimony about the matrix's confidentiality, the circumstances of disclosure, and subsequent use goes to core elements of BTD's trade-secret and contract claims.

Finally, Ms. Crosby's chosen counsel, Mr. Brian Bush, is the subject of a pending motion to disqualify in the District of Connecticut filed July 25, 2025. That motion does not stay discovery; nonetheless, it underscores the need for clear, court-ordered deposition parameters here. See Exhibit F, *Beyond the Dog LLC v Allyson Salzer, et al*, U. S. District Court for the District of Connecticut, Case No. 3:24-cv-01439 (VAB), Dkt. 149, Motion to Disqualify Counsel Brian X. Bush.

Crosby's continued refusal to comply has prejudiced BTD's ability to complete discovery and prepare for trial. Because Ms. Crosby resides within this District and within 100 miles of the noticed deposition location, she is subject to this Court's subpoena power. Fed. R. Civ. P. 45(c)(1)(A).

**Relief requested.** BTD asks the Court to: (1) order Ms. Crosby to appear in person for deposition at 605 West 47th Street, Kansas City, Missouri (or, alternatively, by remote means from

a location within 100 miles of her residence) on a date certain within 21 days; (2) award BTD its reasonable costs and attorneys' fees caused by the two no-shows (including reporter/videographer charges and reasonable attorney preparation and attendance time) See Exhibit G, Declaration of Arthur Shaffer; and (3) warn that failure to comply will result in contempt sanctions under Rule 45(g).

## II. LEGAL STANDARD

Discovery is available regarding any non-privileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 45 governs subpoenas to non-parties. Fed. R. Civ. P. 45(a)(1)(iii). A subpoena is a "lawfully issued mandate of the court," and "[i]t is the responsibility of every citizen to respond to [a lawful subpoena] … and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340–41 (8th Cir. 1975) (quoting *United States v. Bryan*, 339 U.S. 323 (1950)).

A motion to compel compliance with a subpoena is brought "in the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). The compliance court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); see *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) ("[t]he subpoena is a judicial process, punishable by the judicial remedy of contempt").

When the compliance court did not issue the subpoena, it may transfer the motion to the issuing court only upon consent or "exceptional circumstances." Fed. R. Civ. P. 45(f). Courts weigh "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court." *Pete v. Big Picture Loans, LLC*, No. 19-MC-77, 2019 WL 6250715, at *1 (D. Minn. Nov. 22, 2019); see also 1199SEIU *Health Care Employees Pension Fund v. Am. Ass'n of Orthodontists*, No. 4:23-MC-877, 2023 WL 7181652, at *1 (E.D.

Mo. Nov. 1, 2023)(discussing factors including complexity, posture, and case-management by issuing court).

Local Rule 37.1(b) confirms that an initial motion to compel or deny discovery pursuant to a subpoena in a case pending elsewhere may be filed here as a miscellaneous matter (with conferral requirements attaching thereafter). W.D. Mo. L.R. 37.1(b)

### III. ARGUMENT

A. This Was A Subpoena To Testify; Document Objections Never Excused Attendance.

Rule 45 distinguishes between (i) subpoenas that command attendance to testify and (ii) subpoenas that command only production. When a subpoena commands production only, appearance is not required, and timely written objections suspend the duty to produce until the serving party moves to compel. Fed. R. Civ. P. 45(d)(2)(A)-(B). But that suspension rule does not apply to a subpoena commanding testimony—the only path to avoid appearing is a motion to quash/modify (Rule 45(d)(3)) or a Rule 26(c) protective order. See, e.g., *BNSF Ry. Co. v. Alere, Inc.*, No. 18-cv-291, 2018 WL 2267144, at *7 (S.D. Cal. May 17, 2018) ("the only way for a non-party to seek excusal from a subpoenaed deposition is to file a motion to quash or modify" and "objections" are "no excuse whatsoever not to attend the deposition"); Sedona Conference, Rule 45 Commentary (2d ed. 2020) (collecting cases).

Here, both subpoenas commanded attendance for deposition testimony at a Kansas City address within 100 miles of Ms. Crosby's residence. The late-night email of "objections" on the eve of the second deposition addressed documents; it did not operate as a stay of her independent obligation to appear and testify. *Fed. R. Civ. P. 45(d)(2)(A)-(B); 45(c)(1)(A).*

B. Place Of Compliance And Service Were Proper; The Subpoenas Fell Squarely Within Rule 45(C)(1)(A).

A subpoena may command a person to attend a deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. *Fed. R. Civ. P. 45(c)(1)(A)*. BTD noticed both depositions at 605 West 47th Street, Kansas City, Missouri—well within the rule's geographic limit given Ms. Crosby's residence in this District. She was therefore subject to this Court's subpoena power and obligated to attend.

C. Two No-Shows, Without Adequate Excuse, Warrant An Order Compelling Attendance And Compensatory Sanctions.

The Eighth Circuit recognizes that subpoenas are judicial process enforceable by contempt, and non-compliance—especially repeated—justifies coercive and compensatory relief. *Acosta,* 894 F.3d at 951; *Fisher*, 526 F.2d at 1340–41 (discussing contempt standards in subpoena enforcement). This Court should (i) compel an in-person deposition on a prompt date, (ii) award BTD its reasonable fees and costs wasted on the two prior settings (attorney preparation, reporter/videographer cancellation, room charges), and (iii) warn that any further failure will trigger Rule 45(g) show-cause proceedings. *Fed. R. Civ. P. 45(g)*.

D. The Pending D. Conn. Disqualification Motion Is No Basis To Refuse A Valid Rule 45 Subpoena.

BTD's disqualification motion regarding Ms. Crosby's counsel Brian Bush has been pending since July 25, 2025. However, a pending motion, even a disqualification or dispositive motion, does not automatically stay discovery. *See Mo. W.D. L.R. 26.1(b)* ("**Filing of Motions Does Not Automatically Stay Discovery or Disclosure Requirements.** Unless the Court orders otherwise, the filing of any motion-including a motion to dismiss, a discovery motion, or a motion for summary judgment—does not stay the action or excuse the parties from complying with any

discovery rule or scheduling order…" (rule heading & text). This makes clear that discovery continues absent a court-ordered stay, regardless of the motion type.")

E. If Additional Motion Practice Ensues, This Court May Transfer Under Rule 45(F) To The Issuing Court (D. Conn.) To Promote Consistent Case Management.

Should further subpoena issues arise beyond compelling attendance, Rule 45(f) permits transfer to the issuing court upon consent or exceptional circumstances, such as overlapping discovery supervision and the risk of inconsistent rulings. *1199SEIU*, 2023 WL 7181652, at *1.

IV. CONCLUSION

The Court should enforce BTD's testimony subpoenas, compel Ms. Crosby's prompt appearance, and award compensatory sanctions for the wasted settings. Subpoenas are judicial mandates, and this Court has both the authority and the obligation to ensure they are honored. *Fisher*, 526 F.2d at 1340–41; *Bryan*, 339 U.S. 323

V. REQUESTED RELIEF

BTD respectfully asks the Court to issue an Order that:

1. Compels Ms. Crosby to appear for an in-person deposition at 605 West 47th Street, Suite 350, Kansas City, Missouri in the Western District of Missouri (within 100 miles of her residence) on a date certain within 14 days, for up to 7 hours. *Fed. R. Civ. P. 45(c)(1)(A)*.

2. Award BTD its reasonable fees and costs incurred due to Ms. Crosby's two prior non-appearances, payable three business days before the reset deposition. *Fed. R. Civ. P. 45(g)*; see *Acosta*, 894 F.3d at 951.

3. Warn Ms. Crosby that any further noncompliance will result in Rule 45(g) show-cause proceedings and additional sanctions.

4. States that nothing in this Order precludes a later Rule 45(f) transfer to the District of Connecticut if further subpoena disputes make transfer efficient. *1199SEIU*, 2023 WL 7181652, at *1.

**PLAINTIFF BEYOND THE DOG, LLC**

By: /s/ *Arthur Shaffer*

Arthur K. Shaffer, Mo Bar: 51229
McDOWELL, RICE, SMITH & BUCHANAN, P.C.
605 W. 47th Street, Suite 350
Kansas City, MO 64112
Tel.: (816) 960-7396  Fax: (816) 753-9996
ashaffer@mcdowellrice.com